**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN GRAY,**

              **Plaintiff,**

**-vs-**                                             **Case No. 6:08-cv-3-Orl-31KRS**

**GOLDEN BEAR DAY SCHOOL, INC.,**
**LENTZCO, LLC, and MATTHEW A.**
**LENTZ,**

              **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 21)**
>
> **FILED:**    **July 18, 2008**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The Court directed entry of a default as to corporate defendants Golden Bear Day School, Inc. and Lentzco, LLC, when they did not appear through counsel. There is no evidence in the record, however, that either corporation was validly served with process. Accordingly, it is **ORDERED** that Plaintiff shall file proof of service in support of a renewed motion for a default judgment against these corporations.

In a renewed motion for default judgment, it is further **ORDERED** that Plaintiff shall include in the supporting memorandum of law the elements necessary to find that Golden Bear Day School,

Inc. and Lentzco, LLC were joint employers of Plaintiff and establish through citation to the complaint that Plaintiff alleged facts, rather than conclusory allegations, showing that these companies met the requirements of joint employers.

Finally, with respect to damages, Plaintiff's evidence is insufficient for the Court to calculate his damages independently. Specifically, Plaintiff does not aver in his affidavit whether he was compensated at the straight-time rate for his overtime hours or whether he was not compensated at all. *See Natures Way Marine, LLC v. North American Materials, Inc.*, No. 08-0005-WS-B, 2008 WL 801702, *4 (S.D. Ala. Mar. 24, 2008)("It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . . Plaintiff's damages should be readily provable by reference to objective documentation. . . . What the Court requires . . . is sworn, authenticated evidence. . . . Conclusory evidence whose calculations and factual underpinnings cannot be discerned are insufficient and will not be accepted."). Accordingly, it is further **ORDERED** that Plaintiff shall submit a supplemental affidavit providing this information in support of a renewed motion for default judgment, which affidavit should be supported by any documents in Plaintiff's possession, custody or control that show the hours he worked and amount he was paid.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties