**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**STEVEN GRAY,**

                **Plaintiff,**

**-vs-**                                          **Case No. 6:08-cv-3-Orl-31KRS**

**GOLDEN BEAR DAY SCHOOL, INC.,
LENTZCO, LLC, and MATTHEW A.
LENTZ,**

                **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 28)** |
| **FILED:** | **October 3, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff Steven Gray moves for entry of default judgment against defendants Golden Bear Day School, Inc. ("Golden Bear"), Lentzco, LLC ("Lentzco") and Matthew A. Lentz. Doc. No. 28. In support of the motion, Gray has filed the following: Affidavit of Steven Gray ("Gray Aff."), doc. no. 28-2; copies of two payroll stubs from Golden Bear, doc. no. 28-3; Affidavit of Attorney's Fees and Costs signed by Scott C. Adams ("Adams Aff."), doc. no. 28-4; time statements from the Pantas Law Firm, doc. no. 28-5; copies of receipts and invoices, doc. no. 28-6. The certificate of service reflects

that the motion was served on the defendants, but none of the defendants filed a response to the motion as of the writing of this report and recommendation.

## I.     PROCEDURAL HISTORY.

Gray filed suit on January 2, 2008. Doc. No. 1. On February 15, 2008, Lentz filed an answer on behalf of himself and the two corporate entities. Doc. No. 6. The Court subsequently struck the answer on behalf of the two corporations as Lentz is not an attorney and could not represent the corporations. Doc. No. 7. The Court gave the corporations 30 days to file a proper response through counsel. *Id*. When they failed to do so, the Court directed the Clerk to enter default against Golden Bear and Lentzco. Doc. No. 9. The Clerk entered default against the two corporations on April 9, 2008. Doc. No. 12.

On May 1, 2008 and May 27, 2008, the Court issued Orders to Show Cause as to why sanctions should not be imposed against Lentz for failing to comply with court orders. Doc. Nos. 15, 16. When Lentz failed to respond, the Court directed the Clerk to enter default against Lentz. Doc. No. 19. The Clerk entered default against Lentz on June 23, 2008. Doc. No. 20.

Gray filed his first motion for entry of default judgment on July 18, 2008. Doc. No. 21. The motion was denied without prejudice due to various deficiencies, including a lack of evidence that the corporations had been served with process. Doc. No. 22.

Gray has filed three Affidavits of Service. Doc. Nos. 25, 26, 30. The first affidavit shows that Deborah L. Hutchinson personally served Lentz on December 31. Doc. No. 25. The second affidavit shows that Hutchinson served Golden Bear at the approximate same time and. Doc. No. 26. The third affidavit shows that Hutchinson served Lentzco at the approximate same time and place. Doc. No. 30. Public records reflect that Lentz is the registered agent of Golden Bear and Lentzco. *See* Fla.

Dep't of State, Div'n of Corporation, http://www.sunbiz.org/scripts/corofflis.exe (last visited Oct. 21, 2008).

## II.   STATEMENT OF FACTS.

Gray's complaint alleges that he was an employee of Golden Bear and Lentzco, who were joint employers. Doc. No. 1 ¶¶ 4, 5. Golden Bear and Lentzco were employers as defined by the Fair Labor Standards Act (FLSA). *Id*. ¶¶ 6, 7. Both Golden Bear and Lentzco were engaged in commerce or the production of goods as defined by the FLSA. *Id*. ¶¶ 10, 11. Lentz was the owner and/or officer of Golden Bear and Lentzco, he substantially controlled the terms and conditions of Gray's work, and was a statutory employer for purposes of the FLSA. *Id*. ¶¶ 12-15. Gray's employers failed to compensate him at the overtime rate for work in excess of 40 hours per week. *Id*. ¶ 18.

Gray avers that he was employed by Golden Bear from April 17, 2006, to December 17, 2006. Gray Aff. ¶ 2. Gray further avers that he was employed by Lentzco from April 17, 2006 to May 2, 2007. *Id*. ¶ 3. From April 17, 2006 to December 17, 2006, Golden Bear paid Gray's wages. *Id*. ¶ 9. From December 18, 2006 to May 2, 2007, Lentzco or Lentz paid Gray's wages. *Id*. ¶ 10.

Gray's regular hourly rate was $10.00 per hour. *Id*. ¶ 11. He was only compensated for up to 40 hours per week and received no compensation for any work in excess of 40 hours per week. *Id*. ¶ 12. Gray avers that he worked the following hours:

From April 17, 2006 to July 9, 2006, 60 hours per week for Golden Bear and Lentzco, *id*. ¶ 14;

From July 10, 2006 to December 17, 2006, 50 hours per week for Golden Bear and Lentzco, *id*. ¶ 15; and

From December 18, 2006 to May 2, 2007, 50 hours per week for Lentzco, *id*. ¶ 16.

Gray alleges that the defendants' failure to pay overtime was willful. Doc. No. 1 ¶ 18.

**III.   STANDARD OF REVIEW.**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id.*

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the

plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

**IV.   ANALYSIS.**

    A.   *Liability*.

        1.   <u>FLSA Minimum Wage and Overtime Claim</u>.

To establish a claim for payment of minimum wages and overtime compensation under the FLSA, Gray must establish the following:

First, that he was employed by defendants during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that the defendants failed to pay the minimum wage and overtime compensation required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

Gray effected service upon all three defendants. Fla. Stat. §§ 48.031(1), 48.081(3). By failing to answer, Golden Bear and Lentzco admit that they employed Gray. They further admit that they were engaged in commerce or in the production of goods for commerce and were statutory employers as defined by the FLSA. They also admit that they failed to pay Gray overtime compensation as required by the FLSA. This is sufficient to establish that Golden Bear and Lentzco are liable to pay Gray overtime compensation that he is owed for his work.

-5-

       2.       Joint and Several Liability.

Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [overtime] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By defaulting, Lentz admits that he was an owner and/or officer of Golden Bear and Lentzco, and was substantially in control of the terms and conditions of Gray's work. Accordingly, Lentz is jointly and severally liable with Golden Bear and Lentzco for unpaid overtime compensation due under the FLSA.

    *B.*    *Damages.*

Gray relies on his affidavit to establish the compensation due under the FLSA. It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have defaulted. Thus, I find that

Gray's affidavit is sufficient evidence to show the amount and extent of the work he performed, and provides an adequate basis for calculating his damages.

Under the FLSA, Gray is entitled to receive one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week. 29 U.S.C. § 207(a)(1). One and one-half times Gray's regular rate of $10.00 per hour is $15.00 per hour.

By defaulting, defendants admit that they acted willfully in failing to pay Gray the statutorily required overtime compensation.  When, as here, the defendants have not presented a defense that their failure to pay overtime compensation was in good faith, the court must also require the employers to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

For the period of April 17, 2006 to July 9, 2006, a period of 12 weeks, Gray worked 20 hours per week of overtime for Golden Bear and Lentzco.  Golden Bear, Lentzco, and Lentz, as joint employers,[1] owe Gray $3,600.00 ($15.00 x 20 x 12) in unpaid overtime for this period.  With liquidated damages added, the amount owed for this period equals $7,200.00.

For the period of July 10, 2006 to December 17, 2006, a period of 23 weeks, Gray worked 10 hours per week of overtime for Golden Bear and Lentzco.  Golden Bear, Lentzco, and Lentz, as joint employers, owe Gray $3,450.00 ($15.00 x 10 x 23) in unpaid overtime for this period.  With liquidated damages added, the amount owed for this period equals $6,900.00.

---

[1] *See Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132, 149-50 (2d Cir. 2008)(holding joint employers jointly and severally liable for violation of the FLSA).

For the period of December 18, 2006 to May 2, 2007 a period of 19 weeks, Gray worked 10 hours per week of overtime for Lentzco. Lentzco and Lentz, as joint employers, owe Gray $2,850.00 ($15.00 x 10 x 19) in unpaid overtime for this period. With liquidated damages added, the amount owed for this period equals $5,700.00.

Thus, for the time period of April 17, 2006 through December 17, 2006, Golden Bear, Lentzco and Lentz are jointly and severally liable for $14,100.00. For the time period of December 18, 2006 through May 2, 2007, Lentzco and Lentz are jointly and severally liable for $5,700.00.

*C.     Attorneys' Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Here, Gray seeks $2,502.00 in fees for the services provided by his attorneys in connection with this case, plus $440.00 in costs. Adams Aff. at 3.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)

(enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

    1.    <u>Reasonable Hourly Rate</u>.

        A.    Scott Adams.

Adams avers that he has been licensed to practice law in Florida since 2002. He has six years of litigation experience and has practiced extensively in the area of employment law since 2003. He seeks a rate of $250.00 per hour. Adams Aff. ¶ 4. Adams also avers that $250.00 per hour is the rate

at which his law firm bills its paying clients for his services, and cites two cases[2] in which other judges in this District have awarded him a rate of $250.00 per hour.

In *Bailey,* Adams's services were compensated at the rate of $250.00 per hour for work performed in 2008. Case No. 6:06-cv-01578-PCF-GJK, doc. no. 73. The Honorable Patricia C. Fawsett awarded the amount requested in the unopposed motion. *Id*. doc. no. 75. Judge Fawsett's order was limited to a docket text entry with no explanation of her decision.

In *Dail,* the parties settled and the court found it unnecessary to inquire into the reasonableness of the hourly rate. *Dail,* 391 F. Supp. 2d at 1147. The court noted in dicta, however, that the high rates charged by plaintiff's counsel may exceed the reasonable hourly rate in the Orlando market for similar work performed by attorneys with similar qualifications and experience. *Id*.

In *Armitage v. Dolphin Plumbing & Mech., LLC,* Case No. 6:05-cv-890-Orl-19KRS, Adams's services were compensated at the rate of $150.00 per hour for work performed in 2005. Doc. No. 100. I determined that this was a reasonable rate in the absence of objection. Doc. No. 107.

Adams provides insufficient evidence to support an increase in his billing rates from $150.00 per hour in 2005 to $250.00 per hour in 2008. The Consumer Price Index for that time period only

---

[2] *Bailey v. Final Touch Acrylic Spray Decks, Inc.*, Case No. 6:06-cv-01578-19GJK, and *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142 (M.D. Fla. 2005).

increased by approximately 12.6%.[3] Considering the Orlando legal market and awards in similar cases,[4] I find that a reasonable hourly rate for work performed by Adams is $180.00 per hour.

        B.        Konstantine Pantas.

Adams avers that K. E. Pantas has been licensed to practice law in Florida since 1993. He has over eleven years of litigation experience and has practiced extensively in the area of employment law since 2000. He seeks a rate of $300.00 per hour. Adams Aff. ¶ 5. Adams also avers that $300.00 per hour is the rate at which his law firm bills its paying clients for Pantas's services, and cites two cases in which another judge in this District has awarded Pantas a billing rate of $300.00 per hour. In *Ochoa v. Alie Bros., Inc.* No. 6:06-cv-609-Orl-DAB, 2007 WL 3334332 (M.D. Fla. Nov. 8, 2007), the Honorable David A. Baker found $300.00 per hour to be a reasonable hourly rate for Pantas's work performed in 2007. In *Coes v. World Wide Revival, Inc.*, No. 6:05-cv-563-Orl-DAB, doc. no. 73 (Nov. 7, 2007), Judge Baker also found $300.00 per hour to be a reasonable hourly rate for Pantas's work performed in 2005 and 2006. I concur with Judge Baker's assessment, and conclude that $300.00 per hour is a reasonable hourly rate for the work Pantas performed in the present case in the absence of objection.

---

[3] See U.S. Department of Labor, Bureau of Labor Statistics for all urban consumers, U.S. City Average ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt (last checked Oct. 14, 2008) (comparing annual average of 195.3 for 2005 to average of 219.964 for July 2008).

[4] *See, e.g., Ochoa v. Alie Bros., Inc.* No. 6:06-cv-609-Orl-DAB, 2007 WL 3334332, at *2 (M.D. Fla. Nov. 8, 2007) (finding that a reasonable rate for an attorney with 14 years of experience at the Pantas Law Firm was $250.00 per hour).

C.      Paralegal Judy Cane.

Judy Cane has been a paralegal since 1999. She has extensive experience in both state and federal court litigation, including drafting complaints, discovery, motions, and affidavits. Gray seeks an hourly rate of $95.00 for work performed by her. Adams Aff. ¶ 6. This rate has previously been found reasonable. *See Pyczynski v. Kirkland Stores, Inc.*, No. 6:07-cv-802-Orl-22KRS, doc. nos. 43, 44 (M.D. Fla. Feb. 2008). I find this rate continues to be reasonable for legal work she performed in this matter.

D.      Administrative Assistant Becki Rodak.

Adams avers that Rodak has trained and worked as an administrative assistant since 2002. Adams Aff. ¶ 7. She has experience in legal administrative work, including performing due diligence reviews and "asset/conflict/bankruptcy" checks. Gray seeks an hourly rate of $95.00 for Rodak's work in this case. *Id.*

Generally, work performed by an administrative assistant is considered noncompensable, clerical work. *Cf. see Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). When an administrative assistant serves as a paralegal, her work is recoverable "only to the extent that [it is] work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses." *Scelta*, 203 F. Supp. 2d at 1334 (internal quotations omitted).

Rodak's work in this case was limited to 0.4 hours for "corporate locate and identification search; conflict checks." Doc. No. 28-5 at 2. There is no showing that the work performed by Rodak is work traditionally done by an attorney and thus it is non-compensable. To the extent that the Court

determines that the work is compensable, I recommend that the Court find that a reasonable hourly rate for Rodak's work in the role of a paralegal is $65.00 per hour, which is consistent with basic paralegal work in the central Florida market.

    2.    <u>Reasonable Number of Hours</u>.

Gray submitted a detailed time statement reflecting the work performed by in this case. Doc. No. 28-5. As noted above, I find that Rodak's work was clerical in nature and not compensable. I find, in the absence of objection, that the hours worked by Pantas, Adams and Cane were reasonable.

    3.    <u>Lodestar</u>.

Based on these recommendations, the lodestar attorney's fee in this case is as follows:

| **Attorney** | **Hourly Rate** | **Hours** | **Total** |
|---|---|---|---|
| K. E. Pantas | $300.00 | 3.1 | $930.00 |
| Scott Adams | $180.00 | 5.3 | $954.00 |
| Judy Cane | $95.00 | 2.2 | $209.00 |
| Becki Rodak | $65.00 | 0 | 0.00 |
| **Total:** | | | **$2,093.00** |

I recommend that the full lodestar amount of $2,093.00 be awarded.

    4.    <u>Costs</u>.

Gray seeks costs in the amount of $440.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($90.00). Adams Aff. ¶ 8. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567,

1575 (11th Cir. 1988).  The filing fee and costs of service are permitted under § 1920.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).  Accordingly, Gray is entitled to an award of costs from the defendants in the amount requested.

**V.     RECOMMENDATION.**

For the foregoing reasons, I recommend that Plaintiff's Renewed Motion for Entry of Final Default Judgment, doc. no. 28, be **GRANTED in part and DENIED in part**.  I recommend that the Court enter a default judgment against Golden Bear Day School, Inc., Lentzco, LLC and Matthew A. Lentz on Steven Gray's FLSA overtime compensation claim.

Accordingly, I recommend that the Court order the defendants Golden Bear Day School, Inc., Lentzco, LLC and Matthew A. Lentz, jointly and severally, to pay Gray damages in the amount of $14,100.00 (including liquidated damages), $2,093.00 in attorneys' fees, and $440.00 in costs.  Further, I recommend that the Court order Lentzco, LLC and Matthew A. Lentz, jointly and severally, to pay additional damages in the amount of $5,700.00 (including liquidated damages).  Finally, I recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 22, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy