**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN GRAY,**

        **Plaintiff,**

**-vs-**                                 **Case No. 6:08-cv-3-Orl-31KRS**

**GOLDEN BEAR DAY SCHOOL, INC.,**
**LENTZCO, LLC, and MATTHEW A.**
**LENTZ,**

        **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's Renewed Motion for Default Judgment (Doc. 28), Judge Spaulding's Report and Recommendation on same (Doc. 31), and Plaintiff's Objection in response thereto (Doc. 32).

**I. Background**

On October 3, 2008, Plaintiff filed his Renewed Motion for Default Judgment (Doc. 28) (the "Motion"), seeking, *inter alia*, damages and attorneys' fees for violations of the Fair Labor Standards Act (FLSA).[1] On October 6, 2008, this Court referred Plaintiff's Motion to Magistrate Judge Karla Spaulding for a Report and Recommendation. On October 22, 2008, Judge Spaulding issued her Report and Recommendation (Doc. 31).

---

[1] At all times material to the instant Motion, Defendants have failed to plead or otherwise defend this action.

In her Report and Recommendation, Judge Spaulding recommended that the Court grant, in part, and deny, in part, Plaintiff's Motion.  Specifically, Judge Spaulding recommend that the Court order Defendants, Golden Bear Day School, Inc., Lentzsco, LLC, and Matthew A. Lentz, jointly and severally, to pay Plaintiff damages in the amount of $14,100.00, attorneys' fees in the amount of $2,093.00, and costs in the amount of $440.00.  Judge Spaulding further recommended that the Court order Defendants Lentzco, LLC, and Matthew A. Lentz, jointly and severally, to pay Plaintiff additional damages in the amount of $5,700.00.  With respect to attorneys' fees, in particular, Judge Spaulding determined that Scott Adams, one of Plaintiff's counsel, should be entitled to a reasonable hourly rate of $180.00 and that Mr. Adams performed 5.3 hours of work in this case.

Plaintiff filed his Objection to Judge Spaulding's Report and Recommendation (Doc. 32) (the "Objection")  on October 31, 2008.  In his Objection, Plaintiff did not object to Judge Spaulding's determination or allocation of damages; rather, Plaintiff objected to the amount of attorneys' fees.  Specifically, Plaintiff took exception to the $180.00 reasonable hourly rate which Judge Spaulding determined should apply to Mr. Adams.  Instead of $180.00 per hour, Plaintiff contends that Mr. Adam should be entitled to a reasonable hourly rate of $250.00.  Thus, Plaintiff contends that he should recover $1,325.00 for the worked performed by Mr. Adams rather than $954.00, for a difference of $371.00.

**II. Analysis**

The Court has reviewed the entire record in this case, Plaintiff's Motion, Judge Spaulding's Report and Recommendation, Plaintiff's Objection, Mr. Adams work performed in this case, and Mr. Adams work performed in similar cases.  Based on the factors outlined in *Johnson v. Ga.*

*Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Court concludes that, based on existing precedent, a reasonable hourly rate for Mr. Adams should be set at $250.00 in this case.[2]

### III. Conclusion

Based on the foregoing, it is **ORDERED** that Plaintiff's Renewed Motion for Default Judgment is **GRANTED**. The Court finds Defendants, Golden Bear Day School, Inc., Lentzsco, LLC, and Matthew A. Lentz, jointly and severally liable to Plaintiff for violating the Fair Labor Standards Act. The Court further finds Defendants, Lentzco, LLC, and Matthew A. Lentz, jointly and severally liable to Plaintiff for additional violations of the Fair Labor Standards Act, as set forth in the Report and Recommendation. Plaintiff is entitled to damages in the amount of $14,100.00, and shall recover $2,464.00 in attorneys' fees and $440.00 in costs pursuant to 29 U.S.C. § 216(b) from Defendants Golden Bear Day School, Inc., Lentzsco, LLC, and Matthew A. Lentz. Plaintiff is entitled to additional damages in the amount of $5,700.00 from Defendants Lentzco, LLC, and Matthew A. Lentz, as set forth in the Report and Recommendation.

Accordingly, the Clerk of the Court is directed to enter judgment against Defendants, Golden Bear Day School, Inc., Lentzsco, LLC, and Matthew A. Lentz, in the amount of $17,004.00, and enter a separate judgment against Defendants, Lentzco, LLC, and Matthew A. Lentz, in the amount of $5,700.00. The Clerk of the Court is further directed to close the file.

---

[2] In passing, however, the Court notes that cases such as these involve relatively elementary issues of law and simple questions of fact. Moreover, they are usually contingent fee cases and inevitably conclude in either a settlement or default judgment. Consequently, there is little factual basis to determine a realistic "market rate" for these legal services. Indeed, there is no give and take or arms-length bargaining which sets the market rate. Rather, these rates are set by whatever plaintiff's counsel may convince the Court are reasonable in light of, *inter alia*, years of experience in relation to trial practitioners in others areas of litigation. From a market rate standpoint, this may not be a reliable proxy for setting rates in an FLSA case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 3, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE